**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS WILMER LAZO-SALDIVAR, | No. 23-818 |
| Petitioner, | Agency No. A206-776-393 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025**

Before: GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Santos Wilmer Lazo-Saldivar, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the BIA's legal determinations, including whether the BIA applied the correct legal standard. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Lazo-Saldivar failed to show he was or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because Lazo-Saldivar failed to show any nexus to a protected ground, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

Lazo-Saldivar's contention that the agency erred in its application of the nexus standards for asylum and withholding of removal is not supported by the record. Thus Lazo-Saldivar's asylum and withholding of removal claims fail.

23-818

Substantial evidence supports the agency's denial of CAT protection because Lazo-Saldivar failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if he returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (no likelihood of torture); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

Lazo-Saldivar's contention that the BIA erred in its application of the standards of review to his CAT claim lacks merit.

Lazo Saldivar's contention that he became eligible for post-conclusion voluntary departure under *Posos-Sanchez v. Garland*, 3 F.4th 1176 (9th Cir. 2001), is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional); *cf. Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) (exhaustion not required if "based on events that occur *after* briefing to the BIA has been completed").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**